The document below is hereby signed.

Signed: July 22, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
Linda M Sheffey,                   )    Case No. 08-00254
                                   )    (Chapter 13)
         Debtor.                   )
                                   )    **Not for Publication in**
                                   )    **West's Bankruptcy Reporter**

MEMORANDUM DECISION AND ORDER RE MOTION
OF MICHAEL J. ASHBY TO COMPEL CREDITORS TO REPORT TO
CREDIT REPORTING AGENCIES THAT HE IS NOT THE OBLIGOR
WHOSE DEBT IS SECURED BY REAL PROPERTY OWNED BY THE DEBTOR

This addresses the Motion to Declare Michael J. Ashby Not Responsible for Washington DC Property and Enjoining Further Credit Reporting.  Michael J. Ashby is a complete stranger to this case except for the coincidence that his name bears a resemblance to the name of Michaell Ashby (note the unusual spelling of the first name) whose debts to two creditors are secured by certain District of Columbia real property owned by the debtor.  He complains that two creditors in this case have made reports to credit reporting agencies treating him as though he is Michaell Ashby, and listing Michaell Ashby's debt as a debt

owed by him (Michael J. Ashby).  He "requests as relief that all parties to this action and their counsel shall acknowledge that movant Michael Jermaine Ashby is not the person who signed any loan or mortgage documents related to the D.C. Property, including but not limited to providing or reporting any credit information or data to any credit reporting agency (CRA) as defined by the Fair Credit reporting Act, 15 U.S.C. § 1681, et seq."  For jurisdiction to exist in this court, the proceeding must arise under the Bankruptcy Code, arise in the bankruptcy case, or be related to the bankruptcy case.  28 U.S.C. § 1334(b).  The motion does not assert a right arising under the Bankruptcy Code.  Nor would it have an impact on the administration of the estate, so there is no "related to" jurisdiction.  Nor does the matter arise "in the case" as it does not address one of "those 'administrative' matters that arise *only* in bankruptcy cases . . . . [and] that . . . would have no existence outside of the bankruptcy . . . ."  *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987) (emphasis in original).[1]  Accordingly, although I

---

[1] Although a lift-stay motion filed by one creditor listed Michaell Ashby as a co-debtor and as having the same address as Michael J. Ashby, that error did not treat Michael J. Ashby as the co-debtor, and, in denying his motion to postpone the hearing on that lift-stay motion, I made clear that Michael J. Ashby was not listed as a co-debtor of the debtor.  In any event, it is the reporting to credit reporting agencies that Michael J. Ashby's motion addresses, not the error of Michaell Ashby being treated in the lift-stay motion as having the same address as Michael J. Ashby.

am quite sympathetic to Michael J. Ashby's plight, the court lacks subject matter jurisdiction over the motion.  *See Torres v. Chase Bank USA, N.A. (In re Torres)*, 367 B.R. 478 (Bankr. S.D.N.Y. 2007).  It is thus

**ORDERED** that the Motion is **DISMISSED**.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee; attorney for movant Michael J. Ashby.

3